{¶ 21} I respectfully dissent from the majority based upon the following. This court's appellate review of a motion to suppress presents a mixed question of law and fact. As the majority notes, "[w]hen considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."[1]
"Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence."[2]
"Accepting these facts as true, the appellate court must then independently determine," through a de novo review, "without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."[3]
 {¶ 22} In its judgment entry, the trial court in the instant case stated the following:
 {¶ 23} "The Court, in review of the testimony presented, and in applying the strict standards according to Homan, finds that the H.G.N. test was not done according to the N.H.T.S.A. standards. It was performed while the Defendant was in a seated position in the trooper's vehicle. Therefore, the H.G.N. and its results shall be suppressed.
 {¶ 24} "As to the one-leg stand test, the trooper in his own testimony stated that the Defendant had a good performance on that test. That she did place her foot down on the four second count, but other than that, did very well on the test. The Court will let it in as it does benefit the Defendant.
 {¶ 25} "And as to the walk-and-turn, again as to the trooper's own testimony, it is this Court's opinion that the walk-and-turn was done in a passing manner.
 {¶ 26} "Therefore, based on all of the above, the Court finds that the officer did not have probable cause to arrest the Defendant for driving under the influence of alcohol. He did obviously, as already ruled by this Court, have reasonable suspicion for the stop."
 {¶ 27} The majority concludes that Trooper Altman properly administered the field sobriety tests, including the HGN test. However, the majority fails to give due deference to the trial court's factual findings. Not only did the trial court conclude the HGN test was not properly administered, but the court also concluded, based upon Trooper Altman's own testimony, that Dohner passed each of the remaining field sobriety tests and that Trooper Altman lacked probable cause to make the arrest. The conclusions are supported by competent, credible evidence in the form of Trooper Altman's testimony regarding Dohner's performance on the tests. Thus, the trial court's factual findings must be accepted and the applicable legal standard should then be reviewed in a de novo manner.
 {¶ 28} In light of the trial court's factual findings, the question is whether Trooper Altman had probable cause to make the DUI arrest. The totality of the facts and circumstances surrounding the arrest do not support a finding of probable cause to arrest Dohner for DUI.
 {¶ 29} By granting Dohner's motion to suppress, the trial court determined that, based upon Trooper Altman's testimony and a totality of the circumstances, there was no probable cause to make the DUI arrest. According to Trooper Altman, Dohner performed "very well" and "decent" on each of the field sobriety tests. These tests are the very tools utilized in determining a driver's level of intoxication. When the arresting officer himself testifies that the defendant passed these tests, the record does not support a finding of probable cause to make a DUI arrest. Trooper Altman did testify that he noticed Dohner had glassy, bloodshot eyes and he detected the odor of alcohol. I note that these have been recognized by this court as indicia of intoxication. However, Trooper Altman's testimony regarding her ability to perform "very well" on the field sobriety tests, whether or not they were properly administered, ultimately demands that the trial court's holding be affirmed.
 {¶ 30} Based on the foregoing, the trial court did not err in finding that Trooper Altman lacked probable cause to arrest Dohner for DUI and granting Dohner's motion to suppress. Accordingly, I must respectfully dissent.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8, citing State v. Mills (1992), 62 Ohio St.3d 357, 366.
[2] Id., citing State v. Fanning (1982), 1 Ohio St.3d 19.
[3] Id., citing State v. McNamara (1997), 124 Ohio App.3d 706, 710.